Filing # 123083231 E-Filed 03/15/2021 11:54:51 AM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Sam Rabinovich</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Costco Wholesale Corporation</u>
Defendant

### II.   AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

Composite Exhibit
"A"

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>1</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Daniel Drazen</u>        Fla. Bar # <u>115454</u>
      Attorney or party                 (Bar # if attorney)

<u>Daniel Drazen</u>        <u>03/15/2021</u>
  (type or print name)        Date

Filing # 124811101 E-Filed 04/13/2021 11:32:01 AM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SAM RABINOVICH,

                                             CASE NO.:  2021-006199-CA-01

       Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

       Defendant.

_____/

## **SUMMONS**

THE STATE OF FLORIDA
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, in this action on Defendant:

                              **COSTCO WHOLESALE CORPORATION**

**BY SERVING:**             **Registered Agent**
                              CT Corporation System
                              1200 South Pine Island Road
                              Plantation, FL 33324

## **IMPORTANT**

        A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

        If you choose to file a written response yourself, at the same time you file your written response to the court, you must also must mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**Plaintiff/Plaintiff's Attorney:**

    DANIEL DRAZEN, ESQUIRE
    THE INJURY FIRM
    1608 E. COMMERCIAL BLVD.
    FORT LAUDERDALE, FL 33334
    (954) 951-0000

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

    You are hereby commanded to serve this Summons and a copy of the Complaint, in this action on Defendant:

DATED: _____

                    Brenda D. Forman
                    As Clerk of Said Court

                    By: _____
                            As Deputy Clerk

## **IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, usted puede consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandate o Abogado sel Demanadante)

## **IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

3

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SAM RABINOVICH,

                              CASE NO.:

        Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

        Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

COMES NOW, the Plaintiff, SAM RABINOVICH, by and through counsel, hereby sues the

Defendant, COSTCO WHOLESALE CORPORATION, and alleges the following:

1. This is an action for damages in excess of $30,000.00, exclusive of attorney's fees and
   costs.

2. At all times material hereto, the Plaintiff, SAM RABINOVICH, resided in Broward
   County, Florida and is otherwise *sui juris.*

3. At all times material hereto, the Defendant, COSTCO WHOLESALE CORPORATION,
   was/is a foreign corporation with its principal place of business in the State of Florida,
   authorized to do business and doing business throughout the State of Florida, including
   Miami-Dade County, Florida.

4. On or about June 4, 2020, the Defendant, COSTCO WHOLESALE CORPORATION,
   owned, possessed, operated, maintained, and/or controlled the premises located at 14800
   Sole Mia Way, North Miami, FL 33181.

1

5. On or about June 4, 2020, the Plaintiff, SAM RABINOVICH, was on said premises as a business guest/invitee of the Defendant, COSTCO WHOLESALE CORPORATION.

6. As the Plaintiff was entering the premises, he tripped and fell on an unsecure mat, sustaining serious injuries.

7. The existence of the unsecure mat on the floor created an unreasonably dangerous and unsafe condition.

8. The Defendant, COSTCO WHOLESALE CORPORATION, its employees, agents, and/or apparent agents had actual or constructive notice of the existence of the unsecure mat on the floor.

9. The Defendant, COSTCO WHOLESALE CORPORATION, owed the Plaintiff, SAM RABINOVICH, a non-delegable duty to use reasonable care in the maintenance of its premises.

10. On June 4, 2020, the Defendant, COSTCO WHOLESALE CORPORATION, was negligent and failed to use reasonable care in one or more of the following ways:

    a. Failing to maintain the premises in a reasonably safe condition;

    b. Allowing the premises to become dangerous, defective, and/or unsafe;

    c. Creating a tripping hazard for the Plaintiff and other, similar invitees, that it knew or should have known existed;

    d. Failing to restrict access to the subject area that contained the dangerous condition that it knew or should have known existed;

    e. Failing to warn the Plaintiff of the dangerous condition that it knew or should have known existed;

2

    f.  Failing to correct the dangerous condition that it knew or should have known existed; and

    g.  Failing to adequately train and supervise its employees and/or agents to locate and remedy such hazards at the subject property.

11. As a direct and proximate result of the negligence described above, the Defendant, COSTCO WHOLESALE CORPORATION, caused or contributed to cause injuries and damages to the Plaintiff, SAM RABINOVICH, which include bodily injury and disability, emotional and physical pain and suffering, loss of capacity for the enjoyment of life, loss of wages in the past and future, the loss of the ability to earn wages in the future, and the expense of medical care and treatment in the past and future. The losses aforesaid are either permanent or continuing in nature, and the Plaintiff, SAM RABINOVICH, will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, SAM RABINOVICH, demands judgment for compensatory damages against the Defendants, COSTCO WHOLESALE CORPORATION, for damages in excess of thirty thousand dollars ($30,000.00), as well as costs, pre-judgment interest where applicable, compensatory damages, and demands a trial by jury on all issues so triable as a matter of right.

DATED this 15th day of March 2021.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

3

Respectfully Submitted,

**THE INJURY FIRM**
By: /s/ Daniel Drazen
DANIEL DRAZEN, ESQUIRE
Fla. Bar No. 115454
1608 E. Commercial Blvd.
Fort Lauderdale, FL 33334
Telephone: 954-951-0000
Fax Number:  954-951-1000
Primary Email: eservice2@flinjuryfirm.com

*Attorneys for Plaintiff*

4

Filing # 123083231 E-Filed 03/15/2021 11:54:51 AM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SAM RABINOVICH,

        CASE NO.:

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

    Defendant.

_____/

### **PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT**

Pursuant to Rule 1.370, Florida Rules of Civil Procedure Civil Procedure, Plaintiff, SAM RABINOVICH (hereinafter "Plaintiff"), request Defendant, COSTCO WHOLESALE CORPORATION, (hereinafter "Defendant"), to admit in writing the truth of the matters set forth below:

1. The entity named as the Defendant in the Complaint herein is properly named.

2. On June 4, 2020, the Defendant was the owner of the premises where the Plaintiff has alleged he was injured.

3. On June 4, 2020, the Defendant was responsible for maintaining the premises where the Plaintiff has alleged he was injured.

4. On June 4, 2020, the Defendant was in control of the premises where the Plaintiff has alleged he was injured.

5. On June 4, 2020, the Defendant was in possession of the premises where the Plaintiff has alleged he was injured.

1

6.    On June 4, 2020, no individual or entity other than the Defendant had any ownership interest, possession, custody, or control over the premises where the Plaintiff has alleged she was injured.

7.    Jurisdiction as alleged in the Complaint is proper.

8.    On June 4, 2020, the Plaintiff was a business invitee upon the Defendant's premises.

9.    The Defendant or the Defendant's employees failed to maintain the premises in a reasonably safe condition.

10.   The Defendant or Defendant's employees failed to warn the Plaintiff of the existence of an unreasonably dangerous condition that existed on the premises.

11.   The Defendant or Defendant's employees were negligent in failing to maintain the premises in a reasonably safe condition.

12.   The Plaintiff was injured as a result of the Defendant's negligence or the negligence of Defendant's employees.

13.   There are no third parties responsible for any of the injuries sustained by the Plaintiff herein.

14.   Plaintiff was not responsible for his own injuries.

15.   Defendant utilizes surveillance cameras on the premises where the subject incident occurred.

16.   Defendant is in possession of surveillance video that captured the area where the Plaintiff fell.

17.   Defendant is in possession of surveillance video that shows the June 4, 2020 incident alleged herein involving the Plaintiff.

2

18.     Defendant was, at one time, in possession of surveillance video that shows the June 4,

2020 incident alleged herein involving the Plaintiff.

19.     Defendant follows a policy or procedure directing employees to locate and preserve

video surveillance for the one (1) hour period before and the one (1) hour period after

a claimed injury has occurred on its premises.

20.     On June 4, 2020, the Defendant and/or Defendant's employees/agents were made

aware of Plaintiff's fall and injuries.

    **WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon

the Defendant, COSTCO WHOLESALE CORPORATION, with the Summons and Complaint.

Respectfully Submitted,

**THE INJURY FIRM**
By: /s/ Daniel Drazen
DANIEL DRAZEN, ESQUIRE
Fla. Bar No. 115454
1608 E. Commercial Blvd.
Fort Lauderdale, FL 33334
Telephone: 954-951-0000
Fax Number:  954-951-1000
Primary Email: eservice2@flinjuryfirm.com

*Attorney for Plaintiff*

3

Filing # 123083231 E-Filed 03/15/2021 11:54:51 AM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SAM RABINOVICH,

                                CASE NO.:

      Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

      Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
### TO DEFENDANT

The Plaintiff, SAM RABINOVICH, (hereinafter "Plaintiff"), through counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby request the Defendant, COSTCO WHOLESALE CORPORATION, (hereinafter "Defendant"), to produce the following for inspection and/or copying within and in support thereof, would show that the requested items are within the scope of discovery as set forth in Rule 1.280(b) and that the materials requested are in the possession, custody and control of the party to whom the request is directed, and that such items are necessary for the Plaintiff to properly prepare her case:

(Definition: Incident refers to the fall sustained by the Plaintiff on June 4, 2020)

1.     Any and all statements, whether written, taped, stenographically recorded, or videotaped of the Plaintiff.

2.     Any and all statements, whether written, taped, stenographically recorded or videotaped from any person or potential witness regarding the facts of this lawsuit, or in the alternative, the names and addresses of all persons from whom statements were taken.

3.    Any and all incident reports, or other papers describing the incident in the possession, custody and/or control of the Defendant, its agents or attorneys (each lettered paragraph requires a separate response):

    a.    Reflecting statements made by Plaintiff;

    b.    That was or were prepared in the ordinary course of any of Defendant's businesses.

4.    Any and all documents referencing the Plaintiff, in the possession, custody, or control of the Defendant.

5.    Any and all electronic mail referencing the Plaintiff, in the possession, custody, or control of the Defendant.

6.    Any and all of your licenses to do business as of the date of the incident described in the Complaint.

7.    Any and all of your fictitious name affidavits showing the name or name of the entity that does business at the premises where the incident described in the Complaint occurred.

8.    The declaration page(s) or face sheet(s) showing the dollar amount of coverage for any and all insurance policies that cover or may cover Defendant for the damages sustained by Plaintiff in the incident described in the Complaint. If there is no declarations page, please provide the entire policy.

9.    Copies of any and all sweep sheets, maintenance records, or other documents detailing the times that the area of the incident was maintained within 24 hours of the incident described in the Complaint.

10. Any and all policies and procedures, employee manuals, employee handbooks, or other documentation detailing the requirements for maintenance of the premises in question.

11. Any and all training materials regarding the maintenance of the premises in question.

12. Any and all videos or digitally recorded information recorded on the date of the incident, by and all cameras/recording devices located at the premises in question.

13. Any and all videos or photographs depicting the Plaintiff.

14. Any and all photographs depicting the condition of the area where Plaintiff fell.

15. All documents identifying all prior similar slip and falls and/or trip and falls occurring at the subject location where it was alleged or determined that any employee or invitee of the Defendant fell.  This request is limited to the three (3) years prior to the subject incident.

16. If you claim a third party may be liable in whole or in part for the injuries of the Plaintiff, please provide any and all documents supporting this contention.

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon the Defendant, COSTCO WHOLESALE CORPORATION with the Summons and Complaint.

**[Signature block on next page]**

3

Respectfully Submitted,

**THE INJURY FIRM**
By: /s/ Daniel Drazen
DANIEL DRAZEN, ESQUIRE
Fla. Bar No. 115454
1608 E. Commercial Blvd.
Fort Lauderdale, FL 33334
Telephone: 954-951-0000
Fax Number:  954-951-1000
Primary Email: eservice2@flinjuryfirm.com

*Attorneys for Plaintiff*

4

Filing # 125597287 E-Filed 04/26/2021 02:10:39 PM

## VERIFIED RETURN OF SERVICE

| State of Florida | County of Miami-Dade | Circuit Court |
|---|---|---|

Case Number: 2021-006199-CA-01



Plaintiff:
**SAM RABINOVICH**

vs.

Defendant:
**COSTCO WHOLESALE CORPORATION**

For:
Daniel Drazen, Esq.
The Injury Firm
1608 E. Commercial Blvd.
Fort Lauderdale, FL 3334

Received by Burke Process Service, Inc on the 16th day of April, 2021 at 11:47 am to be served on **COSTCO WHOLESALE CORPORATION BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, April D. Lewis, do hereby affirm that on the **16th day of April, 2021** at **12:40 pm, I:**

**CORPORATE:** served by delivering a true copy of the **Summons, Complaint for Damages and Demand for Jury Trial, Request for Admissions, Request for Production, Notice of Service of Interrogatories, Interrogatories and Civil Cover Sheet** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** as **DESIGNATED AGENT, employed therein and authorized to accept service** for COSTCO WHOLESALE CORPORATION BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM, at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

Under penalties of perjury, I declare that I have read the foregoing Return of Service and the facts stated are true and correct. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**April D. Lewis**
SPS # 1482

**Burke Process Service, Inc**
**7200 W. Camino Real**
**Suite 102**
**Boca Raton, FL 33433**
**(954) 514-0116**

Our Job Serial Number: BII-2021004515

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

Filing # 126329169 E-Filed 05/06/2021 03:56:08 PM

100690-12

IN THE CIRCUIRT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SAM RABINOVICH,                              CIRCUIT CIVIL DIVISION

     Plaintiff,                              CASE NO. 2021-006199-CA 01

v.

COSTCO WHOLESALE
CORPORATION,

     Defendant.

_____/

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

       The Defendant, **COSTCO WHOLESALE CORPORATION,** by and through undersigned counsel, moves this Honorable Court to enter an Order extending the time within which the Defendant must answer Plaintiff's Complaint, and as grounds would state as follows:

       1.    Defendant was recently served with Plaintiff's Complaint.

       2.    To date, Defendant has been unable to meet with his counsel and gather sufficient information to properly respond to the Plaintiff's Complaint.

       3.    Defendant is acting diligently in their efforts to obtain the necessary information in order to respond properly.

       4.    Defendant requests that this Court grant Defendant an extension to provide plaintiff with a response to their Complaint.

CASE NO. 2021-006199-CA 01

**WHEREFORE**, the Defendant, **COSTCO WHOLESALE CORPORATION**, requests this Court enter an Order allowing the Defendant additional time within which to respond to Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Daniel Drazen, Esq., eservice2@flinjuryfirm.com; on this 6th day of May, 2021.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Defendant
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL 33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

2

## DEMAND FOR SETTLEMENT

**May 6, 2021**

Wicker Smith
**Attn:  Juan Ayala, Esq.**

RE:    Our Client:        Sam Rabinovich
          Your Insured:     Costco Wholesale
          D/A:               June 4, 2020
          Claim Number:   003632582567GB01

Dear Mr. Ayala:

Please find below a medical summary of care and demand for settlement.

## MEDICAL SUMMARY OF TREATMENT

Three days after the fall, Mr. Rabinovich presented to Aventura Hospital with complaints of headaches, nausea, and vomiting.  He also complained of back pain, right arm pain, and right-hand pain.  A physical examination revealed tenderness to the low back, as well as swelling and tenderness to the right hand/wrist.  He was diagnosed with **lumbar strain, concussion, head injury, and multiple contusions**, discharged and advised to follow-up with a specialist.

Three days later, Mr. Rabinovich presented for an initial consultation with Dr. Bruno cesar de Rocha.  His primary complaints were of headaches, neck pain, low back pain, right elbow pain, right hand pain, and upper back pain.  He also had radiating pain from his low back down and into his right lower extremity.  Mr. Rabinovich subsequently completed three months of chiropractic care with Dr. Rocha.

On July 1, 2020, Mr. Rabinovich went for a neurological consult with Steven Resnick, D.O.  HE reported ongoing headaches, nausea, leg weakness, and imbalance.  He also noted dizziness and spinning when lying down.  Additionally, he complained of memory loss, difficulty concentrating, and neck pain.  Dr. Resnick diagnosed him with head injury indicative of postconcussive-like syndrome and ordered an EEG, as well as MRIs of the neck and brain.

On August 25, 2020, Sam presented for an initial consultation with Amy Starry, D.O.  At this time he complained of right hand pain with numbness and tingling, as well as neck pain.  Dr. Starry restricted Sam from lifting anything greater than 5 pounds, in addition to all strenuous activity.

On September 1, 2020, Sam went for a final consultation with Dr. Rocha.  He reported ongoing pain to his neck, upper back, low back, and right hand/thumb.  He also reported occasionally dizziness at a rate of 2-3 times per week.  Dr. Rocha rendered an opinion that Sam sustained a permanent injury as a result of the fall and recommended he return on an as needed basis.  He diagnosed him with an 8% impairment to his body as a result of the fall and estimated future care costs of $4,000.00-$5,000.00 per year.

Exhibit "C"

As you can see, Sam has suffered tremendously as a result of your insured's negligence. We are now almost a year post-incident and he still suffers neck, low back, and hand pain on an almost daily basis. He must be adequately compensated for all he has been through and will continue to endure.

## MEDICAL BILL SUMMARY

| | |
|---|---|
| Aventura Hospital: | $41,104.00 |
| Intellirad Imaging LLC: | $1.286.00 |
| ER Physicians: | $1,877.00 |
| Pro-Health Chiro: | $4,630.00 |
| Dr. Resnick: | $993.00 |
| Radiology of MSMC: | $848.00 |
| Mount Sinai Medical: | $10,140.36 |
| Iconic Imaging: | $1,750.00 |
| Alliance Spine & joint: | $2,870.08 |

**TOTAL DAMAGES:**          **$65,498.44 + pain & suffering + future medicals**

## OUR OFFER TO SETTLE

We would like to try to amicably conclude this matter. Sam, as a result of this incident has undergone extensive medical treatment, and will continue to suffer for the rest of his life as a result of your negligence. Although no amount of money will make Sam whole, he must be adequately compensated for all he has been through and will continue to endure. At this time, Sam is willing to resolve this case for **$200,000.00**.

Sincerely,

Daniel Drazen, Esq.